## ISAIAH OFFUTT *v* JOSH B. KENNY.

**Promissory Notes—Assignment—Notice—Set Off.**

Where a promissory note has been assigned without the knowledge of the payee, he is entitled to a set off against the same to the amount he had paid the assignor before he knew of the assignment.

### APPEAL FROM SCOTT CIRCUIT COURT.

Novmber 25, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee executed his note to H. S. Glinn for $2624.30 on the 11th of February, 1860, payable March 1, 1862, in part con-

sideration of a tract of land, and on the same day at Glinn's instance, he gave him another note for $1500, which was credited on the first note; and Glinn about the same time assigned the note last given to B. C. Glass.

On the note for $2624.30 are the following assignments: "Pay J. M. Glinn, H. S. Glinn." "Pay Isaiah Offutt, John M. Glinn."

The appellant Offutt, as assignee, brought this suit on the note, and the defendant filed an answer, setting up several claims as set offs, some of them being against H. E. Glinn and others against said J. M. Glinn.

The court sustained the plea of set off, so far as to allow the defendant credit by the following claims:

"1. A demand against H. S. Glinn for $20.37½, with interest from October 1, 1860.

"2. A demand against said H. S. Glinn for $125 for rent, with interest from the 1st of March, 1862.

"3. A demand against J. M. Glinn for $200, with interest from the 1st of March, 1862."

The appellant complains of the judgment allowing these set-offs.

Whether Kenny held the two debts on H. S. Glinn after they were due, and before he had notice of the transfer of the note by H. S. Glinn, and whether he so held the debt on J. M. Glinn, without notice of his transfer of the note to the appellant, are the only questions to be determined.

The note of $20.37½ was executed to Kenny September 10, 1860, and it appears that the claim for rent of $125 was due to N. B. Kenny; and having been assigned to the appellee, Glinn promised to enter a credit for it on the note in 1860 or 1861, and the claim of $200 against J. M. Glinn was for money paid to B. C. Glass for him, and was held by Kenny while J. M. Glinn held the note in contorversy; as the testimony of Glinn himself conduces to show.

And, although H. S. Glinn and J. M. Glinn prove the assignments both to have been made within a short time after the date of the note, and before Kenny held the claims allowed as set-offs there are facts which conduce to a contrary conclusion. But, supposing it is true, that the assignment to J. M. Glinn was made at the date of the note, and that to the appellant was made a short time thereafter, and before its maturity, as stated by the Glinns,

we think the weight of evidence is against the conclusion that Kenny had notice of the first assignment before his claims against H. S. Glinn were legal matters of set-offs in his hands, or that he was notified that the appellant held his note before he paid the $200 to Glass for J. M. Glinn.

While the two Glinns testify that the first assignment was made in Kenny's presence, two other witnesses, Glass and Foree, who were present with Kenny, and had an equal opportunity with him of observing the fact, testify that they had no knowledge of such an assignment being made. Although J. M. Glinn proves a previous conversation tending to show that Kenny was informed in advance that such an assignment would be made, the presumption thus authorized, is repelled by the agreement between Kenny and H. S. Glinn that any loss Kenny might sustain by claims against the bond should thereafter be credited on the note, and by Glinn's subsequent agreement to credit the claim for rent on the note. And as to the assignment of J. M. Glinn to appellant, notwithstanding Glinn proves it was much before Kenny paid the $200 for him to Glass he also proves that after that time he had the note in his possession, and without informing Kenny of the assignment, promised to credit the $200 on the note. The fact that he may then only have had the note in possession as Offutt's agent, cannot alter the case, as it does not appear that Kenny knew that fact.

The facts that neither of the assignments was dated, although both the Glinns were then in failing circumstances, and no written notice of either assignment was given to Kenny, are also unfavorable to the state of the case represented by the Glinns; and it is worthy of observation, also, that they do not themselves expressly prove notice of either assignment, but only testify to facts conducing to show it inferentially.

The judgment is, we think, in conformity to the preponderance of the evidence, and it is therefore affirmed.

*Polk & Cantrill, for appellant.*